### John F. Wafer v. David Hamill.

RECOVERY OF REAL PROPERTY — *Rents and Profits — Practice.* Where the plaintiff's action is for the recovery of real property, and also for rents and profits, and pending the action the defendant abandons the property, and the plaintiff then in effect dismisses that portion of his action which relates to the recovery of the real property, and proceeds with his action only as an action for rents and profits, and obtains a verdict and judgment for the value of the rents and profits, *held*, that the defendant is not entitled under §599 of the civil code to another trial merely by demanding the same.

*Error from Harvey District Court.*

THE opinion states the case.

*James D. Snoddy,* for plaintiff in error.

*Ady & Nicholson,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Harvey county, on September 8, 1885, by David Hamill against John F. Wafer, M. H. Lakin, and Robert M. Hamill, for the recovery of certain real estate, and also for rents and profits. A trial was had before the court and a jury, and during the trial the plaintiff dismissed his entire action against Lakin and Robert M. Hamill, and in effect dismissed that portion of his action as against Wafer, by which he sought the recovery of the real property, and proceeded with his action only as against Wafer, and only for rents and profits. At the close of the trial the jury found a verdict in favor of the plaintiff and against the defendant, Wafer, for $1,250. Wafer then demanded another trial, we suppose under § 599 of the civil code. The court, however, refused this demand, and then Wafer filed a regular motion for a new trial, setting forth various grounds therefor, which motion the court overruled, and then rendered judgment in favor of the plaintiff and against the defendant, Wafer, for the amount of the verdict and for costs; which judgment the defendant Wafer, as plaintiff in error, now seeks to have reversed.

The plaintiff in error, defendant below, claims that the court below erred in refusing his demand for another trial. As before stated, we suppose this demand was intended to be made under § 599 of the civil code; but as this action was finally disposed of, not as an action for the recovery of real property, but as an action merely for rents and profits, we do not think that that section can have any application. That section applies only to actions for the recovery of real property. It is true that in the beginning this action was not only an action for rents and profits, but also an action for the re-

covery of real property, but this double action was finally converted into an action for rents and profits only. The defendant Wafer did not at any time claim to own the real property, or to have any estate therein. The only interest in the property which he ever claimed to have was as follows: As sheriff of Harvey county he levied an attachment in favor of J. V. Farwell & Co., against Robert M. Hamill, upon certain goods belonging to Robert M. Hamill, situated in a building which stood upon the real property originally sued for in this action, which building and real property belonged to the plaintiff, David Hamill. This levy was made on May 5, 1884, and after the levy Wafer took the possession not only of the goods, but also of the real property, and continued to hold the same against the expressed will of the plaintiff, David Hamill, until September 30, 1885, when he abandoned the same. The evidence tended to show that during that time the rent of the property was worth from $75 to $80 dollars per month. The trial in this case was had on May 10, 1887. At the time of the trial the plaintiff did not ask for any verdict or judgment except for the value of the rents and profits of the real estate during the time while the defendant had the possession thereof, and for interest and costs, and he did not obtain any verdict or judgment for anything else; and hence § 599 of the civil code has no application to this case; and the court below did not err in refusing the defendant's demand for another trial.

Other rulings of the court below are complained of, but we do not think that any material error was committed. Certainly no material error is shown by the record brought to this court. It does not appear that we have all the evidence either introduced or excluded, nor does it appear that we have all the instructions either given or refused, and without any such showing we cannot determine whether the court below committed any material error or not in the matters complained of; but with the showing as made, we do not think that the court below committed any material error.

The judgment of the court below will be affirmed.

All the Justices concurring.